UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 22-60296-CIV-ALTMAN/HUNT

DEJUAN WEST,

        Plaintiff,

v.

WASTE PRO OF FLORIDA, INC.,

        Defendant.
_____/

## ORDER

THIS MATTER is before this Court on the Parties' Joint Brief in Support of Approval of Settlement. ECF No. 24. The Honorable Roy K. Altman referred this Matter to the undersigned for a report and recommendation. ECF No. 25. Upon thorough review of the Motion, the record, the statements of counsel at a September 15, 2022, fairness hearing, and applicable law, the undersigned hereby RECOMMENDS that the Parties' Motion be GRANTED as set forth below.

The Parties in this case seek approval of their claims under the Fair Labor Standards Act ("FLSA"). *See* 29 U.S.C. § 201, *et seq*. Before this Court can approve a settlement of FLSA claims, the undersigned must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability

of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. S. Tr. Bank of Ala. Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).  In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement in litigation."  *Lynn's Food Stores*, 679 F.2d at 1354.

In scrutinizing the Settlement Agreement, this Court considered the above factors, the overall strengths and weaknesses of the Parties' respective positions, and the Parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation.  The undersigned also considered that Plaintiffs' claims were disputed as to liability and amount and that all parties were represented by counsel.  Having done so, this Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

As to attorney's fees, the Parties have represented that attorney's fees have not yet been agreed upon, and that the Court will determine said fees should an agreement not be reached.

Accordingly, it is hereby RECOMMENDED that:

1) Plaintiffs' Motion for Settlement Approval, ECF No. 24, be GRANTED,
2) This case be DISMISSED WITH PREJUDICE, in accordance with the Parties' agreed-upon terms.

3) The Court retain jurisdiction for thirty (30) days from the date of this Order to enforce the terms of the Settlement Agreement.

4) Plaintiff should file any Motion for Attorney Fees in accordance with Local Rule 7.3

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, on November 3rd, 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
　　The Honorable Roy K. Altman
　　All Counsel of Record